## UNITED STATES v. DAVIS.

*(District Court, D. Massachusetts. —— 1881.)*

1. INDICTMENT—REV. ST. § 5523.

   An indictment under section 5523 of the Revised Statutes, for a refusal to answer a lawful inquiry of the supervisor of elections, in the verification of a registration list, must aver that such inquiries were made of the defendant at the place assigned by him in such list as his place of residence.

2. SAME—AMENDMENT—REV. ST. § 1025.

   Such omission is matter of substance, and cannot be aided by amendment under section 1025 of the Revised Statutes.—[ED

*E. W. Burdett*, for the United States.

*A. Lawrence*, Jr., for defendant.

NELSON, D. J. The defendant has been convicted under Rev. St. § 5523, and now moves in arrest of judgment for alleged defects in the indictment. Section 5523 is as follows: "Every person who, during the progress of any verification of any list of the persons who may have registered or voted which is had or made under any of the provisions of title 'The Elective Franchise,' refuses to answer or refrains from answering, or, answering, knowingly gives false information in respect to any inquiry lawfully made, shall be punishable by imprisonment for not more than 30 days, or by a fine of not more than $100, or by both, and shall pay the costs of the prosecution."

The provisions of the elective franchise title referred to in this section are contained in sections 2016, 2021, and 2026. Section 2026 provides that the chief supervisor of elections "shall require of the supervisors of elections, when necessary, lists of the persons who may register and vote, or either, in their respective election districts or voting precincts, and cause the names of those upon any such list whose right to register or vote is honestly doubted, to be verified by proper inquiry and examination at the respective places by them assigned as their residences." Section 2016 makes it the duty of supervisors of elections "to make, when required, the lists, or either of them, provided for in section 2026, and verify the same;" and section 2021 provides for the appointment of special deputy marshals, "whose duty it shall be, when required thereto, to aid and assist the supervisors of elections in the verification of any list of persons who may have registered or voted."

These several provisions were originally parts of the act of February 28, 1871, and though separated in the revision of the statutes, they should evidently be construed together to ascertain their true meaning and effect. Taken together their meaning is very plain. They provide for a verification, by the supervisors of elections, under the direction of the chief supervisor, of the lists of persons who may register and vote in the several election districts or voting precincts, and direct the manner in which the verification shall be conducted. It is to be made by the supervisors by inquiry and examination

at the places assigned in the registration or voting lists by the persons whose names are registered thereon as their places of residence. It is made the duty of all persons found by the supervisors at such places of residence, in the progress of their verification, in response to proper inquiries, to give to the supervisors all the information in their possession in regard to the persons registered as residing there, bearing upon their eligibility as voters. Neglect or refusal to answer such inquiries, or the giving of false information, is made a misdemeanor, punishable by fine and imprisonment. The inquiries can be lawfully made only at the places assigned as residences, and no person is bound, under the penalties of section 5523, to answer the inquiries or give the information elsewhere. The indictment should correspond with the statute, and should set forth the offence according to its terms.

The evidence at the trial showed that the inquiry of the supervisor to the defendant, which he refused to answer, was made at the place assigned by him in the registration list as his place of residence. But the indictment fails to aver this with sufficient certainty, according to the rules of criminal pleading. The allegation is that the supervisor made an inquiry, which was a lawful inquiry, of the defendant, which the defendant unlawfully refused to answer. But it designates no place where the inquiry was made, except that it was made in the city of Boston. The indictment, therefore, describes no offence punishable by the laws of the United States.

The omission is matter of substance and not of form only, and the indictment is not aided by section 1025, which provides that no indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.

Judgment arrested.